**Adrienne and Eric WARD, Petitioners,**

v.

**PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 16, 2000.
Decided July 10, 2000.

Sheila Oliver, Elkins Park, for petitioners.

Mary C. Walsh, Philadelphia, for respondent.

Before McGINLEY, J.,
LEADBETTER, J., and JIULIANTE,
Senior Judge.

LEADBETTER, Judge.

Adrienne and Eric Ward (Wards), on behalf of their adopted daughter, appeal from an order of the Department of Public Welfare (Department) which granted adoption assistance benefits for nonrecurring costs of adoption, but denied monthly adoption assistance payments.

The Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. §§ 670–676, promotes the adoption of children with special needs by providing federal funding to states that comply with federal guidelines. Pennsylvania's adoption assistance program, set forth at 55 Pa.Code §§ 3140.201–210, provides adoption assistance benefits to families of special needs children who have been certified as eligible by the county children and youth services agency.[1] After a child is certified, the county agency executes a written agreement with the prospective parents specifying the terms and conditions of the adoption and outlining the adoption assistance available to aid in the care of the adopted child. 55 Pa.Code § 3140.203. Pursuant to the agreement, the county agency provides assistance in the form of monthly payments as well as payments for nonrecurring adoption costs.[2] *Id.* at § 3140.204. Monthly adoption assistance payments qualify for federal financial participation when (1) the child is eligible for Aid to Families with Dependent Children (AFDC) and is living with a qualified relative at the time the adoption petition is filed; (2) the child meets Supplemental Security Income eligibility requirements; or (3) the AFDC-eligible child is placed in foster care and a judicial determination is made that it is contrary to the welfare of the child for the child to remain in the foster home. *Appeal of A.W. v. City of Philadelphia, Department of Human Services* (No. 75–96–005, filed May 20, 1998), slip op. at 20–21, citing ACYF–PIQ–87–05, at 2–3. *See also* 42 U.S.C. § 673(a)(2). Less stringent requirements apply with respect to federal financial participation in nonrecurring costs. The county agency may seek reimbursement from the Commonwealth for payments made when the child is not eligible for federal financial participation. 55 Pa.Code § 3140.206.

Brianna Ward was born on March 18, 1993 by emergency cesarean section at

---

1. 55 Pa.Code § 3140.202 provides in pertinent part:

 (b) The county agency shall certify for adoption assistance children whose placement goal is adoption and who meet the following requirements:

 (1) The child is 17 years of age or younger.
 (2) Parental rights have been terminated under 23 Pa.C.S. Part III (relating to the Adoption Act).
 (3) The child is in the legal custody of the county agency or another agency approved by the Department.
 (4) The child shall have at least one of the following characteristics:

 ....

 (iii) Be a member of a minority group.

 ....

 (c) Prior to certification for adoption assistance, the county agency shall make reasonable efforts to find an adoptive home without providing adoption assistance....

 (d) If it would be against the best interests of the child because of factors, such as the existence of significant emotional ties with prospective adoptive parents while in the care of the parents as a foster child, the requirement of subsection (c) does not apply.

2. Nonrecurring adoption expenses include expenses such as home study fees, court costs and attorney fees and travel, when necessary to complete the placement or adoption process. 55 Pa.Code § 3140.204(b)(2).

Thomas Jefferson Hospital. Brianna, a member of a minority group, was placed for adoption by her birth mother with Option of Adoption, a private adoption agency. Brianna was ten weeks premature and remained in the hospital intensive care unit until she was placed with the Wards on June 2, 1993. Option of Adoption contacted the Wards after six prospective families chose not to adopt Brianna. During the adoption process, Option of Adoption informed the Wards that, irrespective of her special needs, Brianna would not qualify to receive adoption assistance because she was being placed by a private adoption agency. However, despite the increased costs of caring for a special needs child, the Wards chose to adopt Brianna. Parental rights of Brianna's birth parents were subsequently terminated and the adoption process was finalized on March 11, 1994. Two years later, Mrs. Ward attended an adoption conference and learned that children placed by private adoption agencies may be eligible for adoption assistance. Based on this information, the Wards applied for adoption assistance on behalf of Brianna. By letter dated October 10, 1996, Philadelphia Department of Human Services (DHS) denied the request for benefits on the erroneous basis that the county must be involved in the adoption process for a child to receive adoption assistance benefits. The Wards then appealed to the Department. Following a hearing on the merits, the hearing examiner concluded that DHS had erred below and held that Brianna was eligible to receive assistance for the nonrecurring costs of adoption but failed to qualify for monthly assistance benefits. On May 20, 1998, the Department issued an order accepting the recommendation of the hearing examiner. The instant appeal followed.

On appeal, the Wards contend that because Brianna meets the state eligibility criteria for adoption assistance, she is eligible to receive a monthly subsidy in addition to the nonrecurring costs of adoption awarded by the Department. After careful review of the record and the applicable law, we agree that the Department erred in finding Brianna unqualified to receive monthly assistance payments. To qualify for adoption assistance in the Commonwealth a child must meet the following requirements:

(1) The child is 17 years of age or younger.

(2) Parental rights have been terminated under 23 Pa.C.S. Part III (relating to the Adoption Act).

(3) The child is in the legal custody of the county agency or another agency approved by the Department.

(4) The child shall have at least one of the following characteristics:

. . . .

(iii) Be a member of a minority group.

55 Pa.Code § 3140.202.[3] In the decision below, the Department incorrectly applied the requirements for federal financial participation set forth at 42 U.S.C. § 673(a)(2) and 55 Pa.Code § 3140.205 to the more general question of whether Brianna meets the eligibility requirements to receive adoption assistance under the state program. However, the applicable regulations make clear that these are different issues. The question of whether a child is eligible for adoption assistance in the first instance is governed by 55 Pa.Code § 3140.202 and is distinct from the question of whether adoption assistance payments are eligible for federal reimbursement. If a child meets the criteria of § 3140.202, his or her eligibility is certified by the county agency, which will then determine the terms and amounts of adoption assistance that will be provided. § 3140.203–04. These payments are then provided by the county agency, subject to reimbursement by the federal government

3. We note that Brianna's eligibility under sub- section (c) is not at issue in this appeal.

and/or the state. Section 3140.206 makes abundantly clear that these state payments will be made even where the child does not meet federal eligibility criteria.[4]

In sum, the federal eligibility requirements determine only the source and amount of reimbursement that the county agency will receive; the state eligibility requirements contained in § 3140.202 determine whether the child and adoptive parents are entitled to receive assistance from the county agency.[5] Because it is undisputed that Brianna meets the requirements outlined in § 3140.202, she is eligible to receive all forms of adoption assistance available to her from the Commonwealth. Therefore, the Department erred in denying Brianna monthly adoption assistance payments and, in this regard, is reversed.[6]

 Finally, the Wards request sanctions against the Department in the form of attorney's fees and other costs due "to the dilatory non-action of the Department." The Wards assert that the Department failed to meet the 90–day time period set forth by regulation for final administrative agency action in the proceedings below. However, our authority to impose sanctions applies only to conduct on appeal before this court. *See Gossman v. Lower Chanceford Township Bd. of Su-*

*pervisors,* 503 Pa. 392, 396, 469 A.2d 996, 998 (Pa.1983). *See also* Pa. R.A.P 2744 and 42 Pa.C.S. § 2503(7). There is no allegation that the Department has engaged in vexatious or dilatory conduct on appeal. Since we have no power to act upon petitioners' request for sanctions, it is denied.

## *O R D E R*

AND NOW, this 10th day of July, 2000, the order of the Department of Public Welfare in the above-captioned matter is hereby reversed as to the denial of monthly adoption assistance payments and is remanded to the Department for calculation of benefits and determination of eligibility date.

Jurisdiction is relinquished.

---

4. Section 3140.206 provides:

 State reimbursement of county agency costs for adoption assistance shall be 80% of one of the following:
 (1) Adoption assistance payments or nonrecurring adoption expenses, or both, when the child is not eligible for Federal financial participation.
 (2) When the child is eligible for Federal financial participation, the remainder of costs for adoption payments or nonrecurring adoption expenses, or both, after Federal financial participation has been deducted.
 55 Pa.Code § 3140.206.

5. Section 3140.204 provides the method for determining the terms and amount of benefits.

6. Petitioners have also asked us to address (and reverse) the finding that Brianna did not meet federal eligibility standards. Since we have held that the federal standards do not determine Brianna's eligibility for adoption assistance payments, we decline to express an advisory opinion on this subject. Similarly, in their request for relief, petitioners ask us to order the payment of adoption assistance benefits retroactive to the date of the adoption decree. Although the Department in its adjudication discussed the eligibility date, it did not decide the issue since it held that these benefits were not due. [Op. at pp. 19, 23.] We believe that this issue should be addressed in the first instance by the Department and should be decided on remand along with the calculation of the amount of monthly payments.