IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erie County CYS,                          :
                    Petitioner            :
                                          :
          v.                              : No. 677 C.D. 2016
                                          : Submitted:  October 28, 2016
Department of Human Services,             :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                        FILED: November 21, 2016


          Erie County Children and Youth Services (CYS) petitions for review
of the order of the Department of Human Services (Department) upholding the
order of the Bureau of Hearings and Appeals (BHA) granting C.S.'s
(Grandmother) request for adoption assistance subsidy for her adopted daughter,
K.S. (K.S. or child).  We affirm.


          K.S. was born on February 14, 2008, and was removed from her
mother's (Mother) home and taken in by her maternal Grandmother on May 10,
2011.  Grandmother, a recovering alcoholic, sought emergency temporary
guardianship of K.S. from the Court of Common Pleas of Erie County (trial court)
and was appointed as K.S.'s temporary legal guardian.  On May 25, 2011,

Grandmother relapsed into alcohol and CYS removed K.S. from her home. A Master of the trial court recommended shelter care for K.S. pursuant to Section 6332 of the Pennsylvania Juvenile Act, 42 Pa.C.S. § 6332, noting that it was not in the child's best interest to return her to Mother or Grandmother's care. The trial court ordered that K.S. be removed from Grandmother's care pursuant to a protective custody order, and K.S. was placed in the temporary legal and physical custody of CYS.

CYS filed a dependency petition, alleging that K.S. was without proper parental care or control as it pertains to Mother, her biological father or Grandmother, and that it would be contrary to the welfare, safety and health of K.S. to remain under their care. Specifically, CYS argued that K.S.'s Mother had significant drug and alcohol addictions, her biological father had not had a relationship with K.S. since her birth, and that Grandmother also had an alcohol addiction and had relapsed since obtaining temporary guardianship.

In June 2011, the Master recommended that K.S. be declared dependent pursuant to Section 6302 of the Pennsylvania Juvenile Act, 42 Pa.C.S. § 6302. The Master found that allowing K.S. to remain in Grandmother's home would be contrary to the child's welfare and that reasonable efforts were made by CYS to prevent or eliminate the need for removal of the child from the home. The trial court adopted the Master's recommendation and ordered that K.S. be declared dependent.

K.S. remained in kinship care with a relative until November 2011 at which time she was placed in foster care. In December 2012, the trial court ordered a change in placement and returned K.S. to the care of Grandmother and Grandmother's partner, with the placement goal of adoption. The child's biological parents voluntarily relinquished their parental rights.

In January 2013, Grandmother applied for adoption assistance, claiming that K.S. met the criteria for being eligible for adoption assistance[1] and that she had a genetic condition which indicates a high risk of developing a disease or disability due to her biological mother's mental health issues and drug and alcohol dependency.[2] Grandmother stated that she was unable to adopt K.S. without adoption assistance.

In March 2013, Grandmother entered into a Subsidized Adoption Assistance Agreement with CYS which provided that K.S. was eligible for non-recurring expenses only,[3] and that monthly adoption assistance payments were not

---

[1] In the application for adoption assistance, Grandmother noted that K.S. was eligible for adoption assistance because she: was under 18 years of age; was a citizen or qualified alien of the United States; was involuntarily removed from her home pursuant to a judicial determination that continuation in the home would be contrary to the welfare of the child; was free for adoption because parental rights had been terminated, or parental death, or a combination of the two; was in the legal custody of a public or licensed private agency; and had been in placement not less than six months.

[2] Grandmother later testified that K.S. exhibited signs of attention deficit hyperactivity disorder and that she had been in therapy for at least eight months.

[3] The Subsidized Adoption Assistance Agreement explained that non-recurring expenses are:

**(Footnote continued on next page…)**

3

applicable. The basis for the denial of assistance was that Pennsylvania law precludes adoption assistance where there is a finding that continuation in a home is contrary to the welfare of the child and that reasonable efforts had been made to prevent removal before adoption was considered. Because there was a judicial determination that the continuation in Grandmother's home at one time was not in the child's best interest, adoption assistance was deemed unavailable. On April 23, 2013, Grandmother appealed the denial of monthly adoption assistance and the next day the adoption of K.S. by Grandmother was made final.

Following a hearing before the BHA, the Administrative Law Judge (ALJ) issued an adjudication recommending that Grandmother's appeal be sustained. Explaining that Section 3140.202 of the Department's regulations, 55 Pa. Code § 3140.202, requires CYS to certify for adoption assistance children whose placement goal is adoption, and that K.S. was placed in Grandmother's home in December 2012 with the goal of adoption, the ALJ found that K.S. was

---

**(continued…)**

> [O]ne-time expenses which are reasonable and necessary costs directly related to the legal adoption of a child. These expenses include: adoption fees; court costs; attorney fees incurred by adoptive parent; and other expenses directly related to the adoption which have not been reimbursed from other sources. Such expenses may include health and psychological examinations, consultations with child's medical providers, transportation and the reasonable cost of lodging and food for the child and the adoptive parent when necessary to complete the placement or adoption process. Adoptive families may be reimbursed up to $2,000 in non-recurring expenses based on actual receipts.

(Record (R.) Item No. 3, at A-1.)

entitled to monthly adoption assistance. The BHA adopted the ALJ's recommendation in its entirety. CYS petitioned for reconsideration, which the Department granted. The Department then upheld the BHA's determination. This appeal by CYS followed.

On appeal,[4] CYS argues that the Department erred in determining that Grandmother was entitled to adoption assistance payments. Citing to 42 U.S.C. § 672(a)(2)(A)(ii), which deals with "Removal and Foster Care Placement Requirements," CYS argues that adoption assistance payments can only be made if there was "a judicial determination … that continuation in the home from which removed would be contrary to the welfare of the child and that reasonable efforts … have been made." 42 U.S.C. § 672(a)(2)(A)(ii). It contends that if a child is removed from the home to which she is ultimately returned, then the removal home is requesting the subsidy. K.S. was initially removed from Grandmother's home because remaining there would be contrary to K.S.'s welfare and reasonable efforts had been made to prevent removal;[5] therefore, K.S. was ineligible for adoption assistance payments. However, 42 U.S.C. § 672(a)(2)(A)(ii) applies only

---

[4] Our review is limited to determining whether the Department's adjudication is supported by substantial evidence, whether it is in accordance with the law, or whether constitutional rights were violated. *Adoption ARC, Inc. v. Department of Public Welfare*, 727 A.2d 1209, 1212 (Pa. Cmwlth. 1999).

[5] This was established through testimony of Susan Passerotti, a fiscal technician for CYS, who testified that K.S. was ineligible for a subsidy because she was removed from Grandmother's home in May 2011 because it was against the best interests of the child to reside there; therefore, she did not meet the eligibility requirements. She explained that, "When you're returned to a removal, you are no longer considered out-of-home foster care, so [K.S.] would not be eligible for any funding source." (Notes of Transcript at 21.)

5

to foster care maintenance payments and not adoption assistance, which may be the reason that the Department does not mention this in its brief.

Nonetheless, CYS argues that 42 U.S.C. § 672(a)(2)(A)(ii) has some application based on our decision in *Gruzinski v. Department of Public Welfare*, 731 A.2d 246 (Pa. Cmwlth. 1999) which, citing to 55 Pa. Code § 3140.205, provides that, among other factors,[6] the following must also be present for adoption assistance to be available:

> 1.  The child's removal from the home is the result of a judicial determination that continuation in the home is contrary to the child's welfare, or there is a voluntary placement agreement; and
>
> 2. At the time the petition which seeks removal from the home was filed, or the voluntary placement agreement was signed, the child met the Aid for Families with Dependent Children (AFDC) relatedness test.

*Gruzinksi*, 731 A.2d at 257 (footnotes omitted).

Relying on *Gruzinski*, CYS maintains that the ALJ failed to consider that K.S.'s removal from Grandmother's home was the result of a judicial determination that remaining in the home would be contrary to the child's welfare and that reasonable efforts were made in preventing the removal. This argument is incorrect for several reasons.

---

[6] The "other factors" are those established under 55 Pa. Code § 3140.202(b).

6

First, while K.S. was initially removed from Grandmother's home by the trial court because it was determined to be in her best interest, the trial court effectively reversed that determination when it returned K.S. to the care of Grandmother and Grandmother's partner, with the placement goal of adoption. In effect, even if this provision were applicable, and we interpreted it the way CYS suggests, there is no longer a judicial determination that K.S.'s removal from Grandmother's home was in her best interest.

Second, in *Allegheny County Office of Children v. Department of Public Welfare*, 912 A.2d 342, 346 (Pa. Cmwlth. 2006), we found that for a child to be eligible for adoption assistance, he or she does not have to satisfy the requirements set forth in 55 Pa. Code § 3140.205, reasoning:

> This issue was directly addressed and resolved by this Court in the case of *Ward v. Pennsylvania Department of Public Welfare*, 756 A.2d 122 (Pa. Cmwlth. 2000)…. The Department contended that eligibility for assistance required the applicants to satisfy the standards in both 55 Pa. Code § 3140.202 and 55 Pa. Code § 3140.205. This Court concluded that the two provisions addressed different objectives and explained:
>
>> In sum, the federal eligibility requirements [§ 3140.205] determine only the source and amount of reimbursement that the county agency will receive; the state eligibility requirements contained in § 3140.202 determine whether the child and adoptive parents are entitled to receive assistance from the county agency…. Because it is undisputed that [the child] meets the requirements outlined in § 3140.202, she is eligible to receive all forms of adoption assistance available to her from the Commonwealth.

7

[*Ward*, 756 A.2d] at 125.

When parental rights are terminated, a child is eligible[7] for adoption assistance under Section 3140.202(b) of the Department's regulations, 55 Pa. Code § 3140.202(b), which states:

> (b) The county agency shall certify for adoption assistance children whose placement goal is adoption and who meet the following requirements:
>
>> (1) The child is 17 years of age or younger.
>>
>> (2) Parental rights have been terminated under 23 Pa.C.S. Part III (relating to the Adoption Act).
>>
>> (3) The child is in the legal custody of the county agency or another agency approved by the Department.
>>
>> (4) The child shall have at least one of the following characteristics:
>>
>>> (i) A physical, mental or emotional condition or handicap.

---

[7] Section 772 of the Adoption Opportunities Act defines "eligible child," in relevant part, as:

> [A] child in the legal custody of local authorities where parental rights have been terminated pursuant to the procedure set forth in Article III of the act of July 24, 1970 (P.L. 620, No. 208), known as the "Adoption Act," and such child has been in foster placement for a period of not less than six months and where the child has been shown to be a difficult adoption placement because of a physical and/or mental handicap, emotional disturbance, or by virtue of age, sibling relationship, or ethnicity....

Act of June 13, 1967, P.L. 31, added by Act of December 30, 1974, P.L. 1039, *as amended*, 62 P.S. § 772.

(ii) **A genetic condition which indicates a high risk of developing a disease or handicap.**

(iii) Be a member of a minority group.

(iv) Be a member of a sibling group.

(v) Be 5 years of age or older.

(Emphasis added.)

Here, the trial court ordered a change in placement and returned K.S. to the care of Grandmother in December 2012 with the goal that she would be adopted by Grandmother. The child is younger than 17 and free for adoption because her biological parents voluntarily terminated their parental rights. She was in the custody of CYS until December 2012, and given her biological mother's mental health issues and drug and alcohol dependency, the child is said to have a genetic condition which indicates a high risk of developing a disease or disability.

Because K.S. meets the eligibility requirements set forth in 55 Pa. Code § 3140.202, Grandmother was eligible to receive adoption assistance.

Accordingly, we affirm the Department's order.

_____
DAN PELLEGRINI, Senior Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erie County CYS,                  :
           Petitioner          :
                                  :
          v.                  : No. 677 C.D. 2016
                                  :
Department of Human Services,   :
          Respondent      :

# **O R D E R**

AND NOW, this 21ˢᵗ day of November, 2016, the final order of the Department of Human Services (Department) dated April 4, 2016, at No. 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, is affirmed.

_____
DAN PELLEGRINI, Senior Judge